IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOIRA GOLETZ, | : C.A. NO. 04-351 SLR |
| Plaintiff, | : |
| v. | : |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | : |
| Defendant. | : |

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, Defendant, Prudential Insurance Company of America (hereinafter "Prudential"), by and through their counsel, hereby moves this court for summary judgment in its favor pursuant to Federal Rule of Civil Procedure 56. In support of its motion, Prudential avers as follows:

1. Plaintiff is a 43 year-old female who is claiming complete and total disability since May 1, 2000.

2. Plaintiff filed suit under the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. Sec. 1001 et seq. as a result of Prudential's termination of long term disability (hereinafter "LTD") benefits.

3. Plaintiff was afforded LTD benefits through a Group Policy No. G-56249 (hereinafter "Policy"), issued by Prudential to Banc One Corporation (hereinafter "Banc One"), her employer.

4. The policy is an employer-sponsored benefit program and, as such, is subject to

1

the terms of the ERISA. The policy is attached hereto by reference as Plaintiff's Appendix "1".[1]

5.   Plaintiff, forty-three (43) years-old at the time, submitted a claim for LTD benefits due to post bilateral carpal tunnel surgery and cervical sprain/strain that occurred while she was employed as a Card Member Advocate Specialist.

6.   After the one hundred and eighty-two (182)-day elimination period, plaintiff received LTD benefits for the twenty-four (24) month period from October 30, 2000, through October 29, 2002.

7.   Plaintiff received these LTD benefits as she remained unable to perform the "material and substantial duties" of her regular occupation as set forth in the Policy. Please see Plaintiff's Appendix "1".

8.   After the expiration of the initial twenty-four (24) month disability period (which ended October 29, 2002), the Policy requires that she remain unable to perform the duties of "any gainful occupation" for which she is reasonably fit by education, training or experience. Id.

9.   Plaintiff's LTD benefits were terminated effective October 30, 2002 because Prudential determined that the documentation supplied did not support an impairment that would prevent her from performing sedentary work.

10.  A complete explanation of Prudential's decision was provided to plaintiff via correspondence dated June 24, 2002, which is incorporated herein by reference and attached hereto as Plaintiff's Appendix "5".

11.  Plaintiff appealed Prudential's initial decision on August 1, 2002.

---

[1] Prudential's entire claims file is reproduced in Plaintiff's Appendix and is incorporated herein at length by reference. Defendant is not annexing a second copy of the voluminous claims file as to avoid burdening the Court. However, defendant will immediately provide a second copy upon request.

2

12. In plaintiff's first appeal, she indicated that he was not able to perform the duties of <u>any</u> gainful occupation due to painful arthritis, hand swelling, and neck pain.

13. The new documentation that was evaluated with this appeal included further medical records from Dr. Schwartz and Dr. Tamesis, as well as the results of an Independent Medical Examination (IME) performed by Dr. Bandera.

14. After thoroughly reviewing this new documentation, Prudential determined that the documents did not reveal an impairment that would prevent plaintiff from performing the duties of a sedentary occupation.

15. Dr. Bandera performed the IME on October 30, 2002, and opined that plaintiff had the ability to perform at least a light duty job. Please <u>see</u> Plaintiff's Appendix "30".

16. The physical exam revealed traces of swelling in the hand bilaterally, but no tenderness, warmth, crepitus or swelling relative to the shoulders, elbow or right wrist. <u>Id</u>.

17. The IME revealed that plaintiff did not have reproducible tenderness of the hands in the joints, except for the left exterior wrist. <u>Id</u>.

18. Dr. Bandera found plaintiff's range of motion of her shoulder, elbows, wrists, hands, and fingers were all within normal limits, and she had normal range of motion. <u>Id</u>.

19. Dr. Bandera found that plaintiff's motor and sensory examination as well as deep tendon reflexes were normal. <u>Id</u>.

20. This IME revealed that plaintiff's range of motion of cervical, thoracic, and lumbosacral spine were normal without tenderness, warmth, crepitus, or swelling. <u>Id</u>.

21. Dr. Bandera reported that plaintiff showed good strength on push/pull activities bilaterally, and that she was able to transfer from sit to stand in a normal manner and handled her

3

documents without problem. Id.

22. Dr. Bandera concluded that plaintiff had multiple complaints which did not correlate objectively. Id.

23. Dr. Bandera indicated that there was no need for restrictions on sitting, standing, and walking activities, but that she may be restricted to lifting and carrying five to ten pounds frequently and should defer high impact activities. Id.

24. Restrictions and limitations provided by Dr. Bandera, as well as medical evidence from plaintiff's treating physicians, supported plaintiff's ability to perform another occupation. Id.

25. Prudential denied plaintiff's appeal and upheld their decision to terminate her claim for LTD benefits effective October 30, 2002. This decision was communicated to plaintiff via correspondence dated November 27, 2002. Please see Plaintiff's Appendix "12".

26. Prudential also conducted a Transferable Skills Analysis to determine plaintiff's employability within the restrictions and limitations outlined by Dr. Bandera, and, on November 27, 2002, provided plaintiff with a list of several occupations identified by this analysis. Id.

27. Plaintiff submitted a second appeal that was received by Prudential on February 28, 2003.

28. In this second appeal, plaintiff claimed that she remained unable to work due to elbow, wrist, and knee pain.

29. Included with plaintiff's second appeal was new documentation from: Dr. Tamesis, rheumatologist; Dr. Rowe, orthopedist; and an appointment slip for surgery to have a ganglion cyst removed from her wrist with Dr. Ger., orthopedist.

4

30.  In order to evaluate plaintiff's second appeal, Prudential forwarded a copy of Dr. Bandera's IME report to Dr. Ger, Dr. Rowe, and Dr. Tamesis, offering plaintiff's own physicians an opportunity to comment on the information contained in the IME report. However, these physicians either declined to respond or submitted narratives that did not address the comments related to the IME that was performed.

31.  Based upon Prudential's review of the newly submitted medical documentation, in conjunction with Dr. Bandera's IME report, it was determined that plaintiff was capable of performing the duties of another gainful employment.

32.  Prudential denied plaintiff's second appeal and upheld their decision to terminate her claim for LTD benefits effective October 30, 2002. This decision was communicated to plaintiff via correspondence dated May 12, 2003. Please see Plaintiff's Appendix "16".

33.  Plaintiff's third appeal was received by Prudential on December 4, 2003 and was reviewed by Prudential's Appeals Committee.

34.  Included with plaintiff's third appeal were further medical records dating from May 1995 through August 2003.

35.  In order to further evaluate plaintiff's third appeal, Prudential arranged an external review of the medical documentation contained in plaintiff's claim file by Patrick Foye, MD, who specializes in physical medicine and rehabilitation. Please see Patrick Foye, MD's reports regarding his December 30, 2003 and February 10, 2004 file reviews, attached hereto as Plaintiff's Appendix "31" and "32".

36.  Dr. Foye noted that, based on his review of the medical records, plaintiff appeared to have some inflammatory poly arthritis, but that rheumatoid testing was negative. Id.

5

37. Dr. Foye commented that plaintiff's recurrent inflammation/synovitis would be expected to create difficulty for her if she was required to perform repetitive hand activities on a frequent or continuous basis. Id. However, Dr. Foye explained that she would most likely be capable of performing an occupation with only occasional repetitive hand activities. Id.

38. Dr. Foye also noted that plaintiff may have difficulty with repetitive overhead activities due to chronic neck and shoulder pain, but opined that with these limitations and restrictions, she would be expected to be able to work in a full time capacity. Id.

39. Based upon Prudential's review of the medical file along with the findings of Dr. Foye, Prudential determined that the medical records were insufficient to support an inability of plaintiff to perform sedentary duties from October 2002 through April 2003.

40. In addition, the external medical review concluded that plaintiff would be capable of performing another occupation with some restrictions.

41. Prudential denied plaintiff's third appeal and upheld their decision to terminate her claim for LTD benefits effective October 30, 2002. This decision was communicated to plaintiff via correspondence dated March 15, 2004. Please see Plaintiff's Appendix "22".

42. Prudential avers that the denial of disability benefits should be upheld regardless of the degree of scrutiny upon which it is examined. See, e.g., Pinto v. Reliance Standard Life Insurance Company, 214 F. 3d 377 (3d Cir. 2000).

43. There are no outstanding issues of fact, and Prudential is entitled to judgment in its favor as a matter of law.

WHEREFORE, The Prudential Insurance Company of America respectfully requests that this Honorable Court grant its Motion for Summary Judgment.

BY:  BIFFERATO, GENTILOTTI & BIDEN

_/s/ George T. Lees_

George T. Lees, Esquire
Delaware Identification No. 3647
1308 Delaware Avenue
The Buckner Building
P.O. Box 2165
Wilmington, DE  19899-2165
(302) 429-1900
Attorneys for Defendant
The Prudential Insurance Company of America

OF COUNSEL:
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Jonathan Dryer, Esquire
The Curtis Center, Suite 1130 East
Independence Square West
Philadelphia, PA 19106
(215) 627-6900

7