**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

MOIRA GOLETZ,                      : C.A. NO. 04-351 SLR
                                          :
        Plaintiff,                  :
        v.                           :
                                          :
THE PRUDENTIAL INSURANCE      :
COMPANY OF AMERICA,           :
                                          :
        Defendant.            :

## DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Respectfully submitted,

BIFFERATO, GENTILOTTI & BIDEN

BY: _____
George T. Lees, Esquire
Delaware Identification No. 3647
1308 Delaware Avenue
The Buckner Building
P.O. Box 2165
Wilmington, DE 19899-2165
(302) 429-1900
Attorneys for Defendant
The Prudential Insurance Company of
America

OF COUNSEL:
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Jonathan Dryer, Esquire
The Curtis Center, Suite 1130 East
Independence Square West
Philadelphia, PA 19106
(215) 627-6900

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

I.    MOTION FOR SUMMARY JUDGMENT STANDARD

II.    STANDARD OF REVIEW

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

## TABLE OF AUTHORITIES

**CASES**                                                                                          **PAGE**

Acevedo v. Start Plastics, Inc., 834 F. Supp. 808 (E.D. Pa. 1993). . . . . . . . . . . . . . . . . . . . . . . . . 9

Aetna Health Inc. v. Davila, 124 S.Ct. 2488; 159 L.Ed. 2d 312 (June 21, 2004) . . . . . . . . . . . .10

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . 8

Boyle v. County of Allegheny, PA, 139 F.3d 386, 393 (3rd Cir. 1990). . . . . . . . . . . . . . . . . . . . . 9

Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 254, 91 L.Ed. 265 (1986).. . . . . . . . . . . .8

Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 103 L.Ed. 2d 80, 109 S.Ct. 948 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

G.B. Biosciences Corp. v. Ishihara Sangyo Kaisha, Ltd., 270 F. Supp. 2d 476 (D. Del. 2003). . . 9

Hallowell v. State Farm Mut. Auto Ins. Co., 443 A.2d 925, 926 (Del. 1982). . . . . . . . . . . . . . . .10

Jones v. School District of Phila., 198 F.3d 403, 409 (3rd Cir. 1999). . . . . . . . . . . . . . . . . . . . . . 8

Matsushita Elec. Company v. Zenith Radio, 475 U.S. 574, 587 (1986) . . . . . . . . . . . . . . . . . . . .8

New Castle County v. Hartford Accident & Indem. Co., 970 F.2d 1267, 1270 (3rd Cir. Del. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

Orvosh v. Program of Group Ins. for Salaried Employees of Volkswagon of Am., Inc., 222 F.3d 123, 129 (3rd Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Pinto v. Reliance Standard Life Ins., 214 F.3d 377, 390 (3rd Cir. 2000). . . . . . . . . . . . . . . .11, 13

Smathers v. Multi-Tool, Inc./Multi-Plastics, Inc., 298 F.3d 191, 199 (3rd Cir. 2002). . . . . . . . . 11

Stratton v. E.I. DuPont de Nemours & Co., 363 F.3d 250, 256, 2004 U.S. App. LEXIS 6500 (3rd Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Walsh v. State Farm Mut. Auto Ins. Co., 624 F. Supp. 1093, 1096 (D. Del 1985). . . . . . . . . . . .9

## <u>OTHER AUTHORITIES</u>

Federal Rule of Civil Procedure (56) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

ERISA §1132(a)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## NATURE AND STAGE OF THE PROCEEDING

This is an Opening Brief in Support of a Motion for Summary Judgment filed on behalf of Defendant, The Prudential Insurance Company of America (hereinafter "Prudential"). Plaintiff Moira Goletz initiated the present action on June 3, 2004, seeking a review of Prudential's denial of Long Term Disability ("LTD") benefits.

On or about August 25, 2004, Prudential filed its Answer to plaintiff's Complaint. In that Answer, Prudential denied that plaintiff's allegations as to eligibility under the terms of the applicable policy.

Pursuant to Fed.R.C.P. 56, Prudential is entitled to judgment in its favor as a matter of law because its determination that plaintiff is not disabled within the meaning of the controlling insuring agreement was not arbitrary or capricious.

## SUMMARY OF ARGUMENT

I.      MOTION FOR SUMMARY JUDGMENT STANDARD

II.     STANDARD OF REVIEW

## STATEMENT OF FACTS

Plaintiff is a 43 year-old female who is claiming complete and total disability since May 1, 2000, after experiencing cervical and left arm pain and numbness following gardening activities. Plaintiff filed suit as a result of Prudential's termination of long-term disability (hereinafter "LTD") benefits. Plaintiff was afforded LTD benefits through Group Policy No. G-56249 (hereinafter the "Policy"), issued by Prudential to Banc One Corporation, her employer. The policy is an employee-sponsored benefit program, and as such is subject to the terms of the Employee Retirement Income Security Act (hereinafter "ERISA"). The policy is attached hereto by reference as Plaintiff's Appendix "1".[1]

Plaintiff claims that she has been unable to resume working since May 1, 2000. She submitted a claim for LTD benefits due to post bilateral carpel tunnel surgery and cervical sprain/strain that occurred while she was employed as a Card Member Advocate Specialist. After the six month (182 day) elimination period, plaintiff received LTD benefits for the twenty-four (24) month period from October 20, 2000 through October 29, 2002 as a result of Prudential's determination that she remained unable to perform the "material and substantial duties" of her regular occupation as set forth in the policy. Please see Plaintiff's Appendix "1". However, after the expiration of the initial twenty-four (24) month disability period (which ended October 29, 2002), her eligibility for further benefits was contingent upon her physical inability to perform the duties of "any gainful occupation" for which she is reasonably fit by education, training or experience. Id. Plaintiff's LTD benefits were terminated effective October 29, 2002 because

---

[1] Prudential's entire claims file is referenced in Plaintiff's Appendix and is incorporated herein at length by reference. Defendant is not annexing a second copy of the voluminous claims file as to avoid burdening the Court. However, defendant will immediately provide a complete copy upon request.

Prudential determined that the documentation supplied to them did not support an impairment that would prevent her from performing sedentary work. A complete explanation of Prudential's decision can be found in Prudential's correspondence dated June 24, 2002, which is incorporated herein by reference and attached hereto as Plaintiff's Appendix "5".

Plaintiff appealed Prudential's initial decision on August 1, 2002. In her appeal, plaintiff indicated that she was not able to perform the duties of <u>any</u> gainful occupation due to painful arthritis, hand swelling, and neck pain. The new documentation that was considered in connection with this appeal included further medical records from Dr. Swartz and Dr. Tamias, as well as the results of an Independent Medical Examination (IME) performed by Dr. Bandera. Dr. Bandera performed the IME on October 30, 2002, and opined that plaintiff had the ability to perform at least a light duty job. Please <u>see</u> Plaintiff's Appendix "30". The physical exam revealed traces of swelling in the hand bilaterally, but no tenderness, warmth, crepitus or swelling relative to the shoulders, elbow or right wrist. <u>Id</u>. The IME further revealed that plaintiff did not have reproducible tenderness of the hands in the joints, except for the left exterior wrist. <u>Id</u>. Dr. Bandera found plaintiff's range of motion of her shoulder, elbows, wrists, hands, and fingers were all within normal limits, and she had normal range of motion. <u>Id</u>. Dr. Bandera found that plaintiff's motor and sensory examination, as well as her deep tendon reflexes, were normal. <u>Id</u>. This IME revealed that plaintiff's range of motion of cervical, thoracic, and lumbosacral spine were normal without tenderness, warmth, crepitus, or swelling. <u>Id</u>.

Dr. Bandera reported that plaintiff showed good strength on push/pull activities bilaterally, and that she was able to transfer from sit to stand in a normal manner and handled her documents without problem. <u>Id</u>. Dr. Bandera concluded that plaintiff had multiple complaints

which did not correlate objectively. Id. Dr. Bandera indicated that there was no need for restrictions on sitting, standing, and walking activities, but that she may be restricted to lifting and carrying five to ten pounds frequently and should defer high impact activities. Id. Restrictions and limitations provided by Dr. Bandera, as well as medical evidence from plaintiff's treating physicians, supported plaintiff's ability to perform another occupation. Id.

After thoroughly reviewing this new documentation, Prudential determined that the documents did not reveal an impairment that would prevent plaintiff from performing the duties of a sedentary occupation. Therefore, Prudential reasonably denied her appeal and upheld its decision to terminate her claim for LTD benefits effective October 30, 2002. This decision was communicated to plaintiff via correspondence dated November 27, 2002. Please see Plaintiff's Appendix "12". Prudential also conducted a Transferable Skills Analysis to determine plaintiff's employability within the restrictions and limitations outlined by Dr. Bandera, and, on November 27, 2002, provided plaintiff with a list of several occupations identified by this analysis. Id.

Plaintiff submitted a second appeal that was received by Prudential on February 28, 2003. In this second appeal, plaintiff claimed that she remained unable to work due to elbow, wrist, and knee pain. Included with plaintiff's second appeal was new documentation from: Dr. Tamesis, rheumatologist; Dr. Rowe, orthopedist; and an appointment slip for surgery to have a ganglion cyst removed from her wrist with Dr. Ger., orthopedist. In order to evaluate plaintiff's second appeal, Prudential forwarded a copy of Dr. Bandera's IME report to Dr. Ger, Dr. Rowe, and Dr. Tamesis, offering plaintiff's own physicians an opportunity to comment on the information contained in the IME report. However, these physicians either declined to respond or submitted narratives that did not address the comments related to the IME that was performed. Based upon

-5-

Prudential's review of the newly submitted medical documentation, in conjunction with Dr.

Bandera's IME report, it was determined that plaintiff was capable of performing the duties of

another gainful employment. Therefore, Prudential reasonably denied plaintiff's second appeal

and upheld its decision to terminate her claim for LTD benefits effective October 30, 2002. This

decision was communicated to plaintiff via correspondence dated May 12, 2003. Please see

Plaintiff's Appendix "16".

Plaintiff's third appeal was received by Prudential on December 4, 2003 and was

reviewed by Prudential's Appeals Committee. Included with plaintiff's third appeal were further

medical records dating from May 1995 through August 2003. In order to further evaluate

plaintiff's third appeal, Prudential arranged an external review of the medical documentation

contained in plaintiff's claim file with Patrick Foye, MD, who specializes in physical medicine

and rehabilitation. Please see Patrick Foye, MD's reports regarding his December 30, 2003 and

February 10, 2004 file reviews, attached hereto as Plaintiff's Appendix "31" and "32".

Dr. Foye noted that, based on his review of the medical records, plaintiff appeared to have

some inflammatory poly arthritis, but that rheumatoid testing was negative. Id. Dr. Foye

commented that plaintiff's recurrent inflammation/synovitis would be expected to create

difficulty for her if she was required to perform repetitive hand activities on a frequent or

continuous basis. Id. However, Dr. Foye explained that she would most likely be capable of

performing an occupation with only occasional repetitive hand activities. Id. Dr. Foye also noted

that plaintiff may have difficulty with repetitive overhead activities due to chronic neck and

shoulder pain, but opined that with these limitations and restrictions, she would be expected to be

able to work in a full time capacity. Id. In addition, the external medical review concluded that

-6-

plaintiff would be capable of performing another occupation with some restrictions. Id.

Based upon Prudential's review of the medical file along with the findings of Dr. Foye, Prudential determined that the medical records were insufficient to support an inability of plaintiff to perform sedentary duties from October 2002 through April 2003. Therefore, Prudential reasonably denied plaintiff's third appeal and upheld their decision to terminate her claim for LTD benefits effective October 30, 2002. This decision was communicated to plaintiff via correspondence to her counsel dated March 15, 2004. Please see Plaintiff's Appendix "22". This litigation ensued.

# ARGUMENT

## I.    MOTION FOR SUMMARY JUDGMENT STANDARD

Fed.R.C.P. 56(c) provides that "summary judgment is appropriate if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law. The Supreme Court has recognized that the moving party

"bears the initial responsibility of informing the District Court of the basis for its motion, and

identifying those portions...which it believes demonstrate the absence of a genuine issue of

material fact". Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

    After the moving party has filed a properly supported motion, the burden shifts to the

non-moving party to "set forth specific facts showing that there is a genuine issue for trial."

Fed.R.C.P. 56(e). The non-moving party may not rest upon the mere allegations or denials of the

parties pleading. If the record taken as a whole in a light most favorable to the non-moving party,

"could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue

for trial." Matsushita Elec. Company v. Zenith Radio, 475 U.S. 574, 587 (1986). If the evidence

for the non-moving party is merely colorable, or if it is not significantly probative, summary

judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).

Summary judgment is proper when the pleadings, depositions, answers to interrogatories,

admissions and affidavits show there is no genuine issue of material fact such that the moving

party is entitled to a judgment as a matter of law. Jones v. School District of Phila., 198 F.3d 403,

409 (3rd Cir. 1999). This rule is a procedural device, which enables the court to facilitate the

resolution of a matter without the expense and delay of conducting a trial when the critical facts

of the case are <u>not</u> in dispute. <u>Acevedo v. Start Plastics, Inc.</u>, 834 F. Supp. 808 (E.D. Pa. 1993)

(emphasis added). If a moving party satisfies their burden of proving a *prima facie* case for

summary judgment, the opposing party "must do more than simply show there is some

metaphysical doubt as to material facts." <u>Boyle v. County of Allegheny, PA</u>, 139 F.3d 386, 393

(3rd Cir. 1990). Rather, there must be sufficient evidence for a jury to render a verdict in favor of

the non-moving party; if evidence is merely colorable and not significantly probative, summary

judgment should be granted. <u>Id.</u> at 393.

In other words, Rule 56 does not allow the non-moving party to rely upon their assertions,

conclusory accusations or suspicions. <u>Walsh v. State Farm Mut. Auto Ins. Co.</u>, 624 F. Supp.

1093, 1096 (D. Del 1985). The non-moving party must offer specific facts, contradicting the facts

averred by the movant, which indicate that there is a genuine issue for trial. <u>G.B. Biosciences</u>

<u>Corp. v. Ishihara Sangyo Kaisha, Ltd.</u>, 270 F. Supp. 2d 476 (D. Del. 2003).

## II. <u>STANDARD OF REVIEW</u>

The Policy under which plaintiff seeks recovery explicitly grants Prudential discretionary

authority to determine eligibility for benefits. This is apparent within the Plan's definition of

disability. The Plan defines Long-term disability (LTD) as:

**How Does Prudential Define Disability?**

You are disabled *when Prudential determines* that:

- you are unable to perform the *material and substantial duties* of your *regular occupation* due to your *sickness* or *injury*; and

- you have a 20% or more loss in your *indexed monthly earnings* due to that *sickness* or *injury*.

After 24 months of payments, you are disabled *when Prudential determines* that due to

-9-

the same sickness or injury, you are unable to perform the duties of ***any gainful occupation*** for which you are reasonably fitted by education, training or experience.

Please see Plaintiff's Appendix "1".

The language quoted above plainly grants Prudential discretion to determine a participant's entitlement to LTD benefits. It is well-established that, pursuant to Delaware law, when the language of an insurance policy is clear and unambiguous, the parties are bound by the plain meaning of the policy. New Castle County v. Hartford Accident & Indem. Co., 970 F.2d 1267, 1270 (3rd Cir. Del. 1992); Hallowell v. State Farm Mut. Auto Ins. Co., 443 A.2d 925, 926 (Del. 1982). The language in the Policy is clear and unequivocal. Therefore, Prudential has discretionary authority to determine eligibility to disability benefits

In Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 103 L.Ed. 2d 80, 109 S.Ct. 948 (1989) the United States Supreme Court held that if the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits, or to construe the terms of the policy, then the denial of benefits, challenged under ERISA § 1132(a)(1)(B), is not to be reviewed *de novo*. *De novo* review only applies absent discretionary language. Id. at 115, see also, Aetna Health Inc. v. Davila, 124 S.Ct. 2488; 159 L.Ed. 2d 312 (June 21, 2004). Pursuant to the Policy, a participant is only disabled within the Policy's definitions when Prudential determines that a participant meets the definition of disability as previously set forth above. Consequently, the standard of review is not whether a different conclusion could have been reached, but if Prudential's determination was arbitrary and capricious, without reason, unsupported by substantial evidence and/or erroneous as a matter law.

Because Prudential both funds and administers the Policy, the applicable arbitrary and

capricious standard is arguably applied with a heightened scrutiny. The heightened scrutiny is a

"sliding scale" that will allow each case to be examined on its own facts. <u>Pinto v. Reliance</u>

<u>Standard Life Ins.</u>, 214 F.3d 377, 390 (3rd Cir. 2000). In <u>Pinto</u>, the Court attempted to reconcile

the dual commands in <u>Firestone</u> by expecting district courts to consider the nature and degree of

apparent conflicts with an outlook in shaping their arbitrary and capricious review of the

discretionary determinations of administrators. <u>Id</u>. at 393. In applying the "heightened arbitrary

and capricious review," the <u>Pinto</u> Court analyzed not only whether the result was supported by

reason, but also considered the process by which the result was achieved. <u>Id</u>.

      Significantly, however, it is well settled that a court may not substitute its own judgment

for that of plan administrators under either the deferential or heightened arbitrary and capricious

standard. <u>Stratton v. E.I. DuPont de Nemours & Co.</u>, 363 F.3d 250, 256, 2004 U.S. App. LEXIS

6500 (3rd Cir. 2004)*citing* <u>Smathers v. Multi-Tool, Inc./Multi-Plastics, Inc.</u>, 298 F.3d 191, 199

(3rd Cir. 2002). Even under the heightened standard, a "plan administrator's decision will be

overturned only if it is clearly not supported by the evidence in the record or the administrator

has failed to comply with the procedures required by the plan." <u>Stratton</u>, 363 F.3d at 256 *quoting*

<u>Orvosh v. Program of Group Ins. for Salaried Employees of Volkswagon of Am., Inc.</u>, 222 F.3d

123, 129 (3rd Cir. 2000).

      Moreover, <u>Pinto</u> is factually distinguishable from this instant matter in many aspects.

First, the administrator in <u>Pinto</u> reversed its own initial determination without any additional

medical information. This inconsistent treatment of the same facts was viewed as suspicious. <u>Id</u>.

In this instant matter, the claims file evidences that Prudential's determinations were made only

after objective and thorough reviews of new medical information provided by the plaintiff at each

stage of each appeal. Moreover, unlike the scenario in <u>Pinto</u> where the administrator treated the same facts inconsistently, Prudential's assessments and determinations have remained consistent throughout the entire process regarding plaintiff's LTD benefits at issue.

Specifically, plaintiff's LTD benefits were terminated effective October 30, 2002 because Prudential determined that the documentation supplied to them did not support a physical or mental impairment that would prevent plaintiff from performing sedentary work. Subsequently, plaintiff appealed Prudential's determination regarding termination on (3) separate occasions, as Prudential upheld its decision for termination on each occasion. Although it is readily apparent that plaintiff provided additional medical records and documentation during various stages of her the appeal processes, it is equally evident that Prudential's decision to terminate her LTD benefits is clearly supported by the record. In particular, an IME was performed on plaintiff by Dr. Bandera. As a result of that IME, Dr. Bandera opined that plaintiff had the ability to perform at least a light duty job.

In addition, Prudential forwarded a copy of Dr. Bandera's IME report to plaintiff's own physicians in order to give them the opportunity to comment on the information contained in the IME report. However, these physicians either declined to respond or submitted narratives that did not address the comments related to the IME that was performed. Furthermore, Prudential arranged an external review of the medical documentation contained in plaintiff's claim file with Patrick Foye, MD, who specializes in physical medicine and rehabilitation. After his external file review, Dr. Foye opined that, with certain limitations and restrictions, plaintiff would be expected to be able to work in a full time capacity. Consequently, Prudential's initial determination that the medical documentation did not reveal an impairment that would prevent

-12-

plaintiff from performing the duties of a sedentary occupation was further confirmed by the findings of both Dr. Bandera and Dr. Foye.

As set forth at length, unlike the administrator in <u>Pinto</u>, Prudential never treated the same facts differently. Prudential's determinations at every stage of the appeals process were made after review new medical information provided by the plaintiff. Each appeal submission was evaluated and determined on its own merits, and Prudential consistently upheld its decision regarding termination of the LTD benefits throughout the entire process.

Further, a claims handler for the administrator in <u>Pinto</u>, after reviewing the file, recommended that benefits be reinstated pending further testing. The administrator rejected the staff workers' recommendation and instead did the opposite and rejected the recommencement of benefits. <u>Id</u>. Here, however, Prudential never rejected a claims handler's recommendation, as there was never any such recommendation made to Prudential.

Finally, the administrator in <u>Pinto</u> relied on a physician's opinion when that physician's specialty was not related to plaintiff's disability. <u>Id</u>. To the contrary, in this instant matter, plaintiff's disability claim is based upon physical complaints and her inability regarding rehabilitation. Consequently, Prudential had Dr. Foye, a doctor specializing in physical medicine and rehabilitation, review plaintiff's medical documentation in addition to the IME conducted by Dr. Bandera. Prudential exhibits no procedural abnormalities or inconsistent treatment of the factual claims on record before this Court. Prudential's claims file thwarts any assertions of irregularities and bias, both of which simply do not exist.

Prudential submits that its determination should be upheld regardless of the degree of scrutiny to which it is subjected. Based on the record before it, Prudential's determination that

-13-

this 43 year-old plaintiff had not been rendered incapable of any gainful employment cannot be said to be either arbitrary or capricious.

## CONCLUSION

For the reasons set forth above, plaintiff cannot show that the decision to deny her disability benefits was arbitrary, capricious, or otherwise improper. Defendant Prudential Insurance Company of America therefore respectfully requests that summary judgment be entered in its favor, and that this action be dismissed with prejudice.

BIFFERATO, GENTILOTTI & BIDEN

BY:  _____

George T. Lees, Esquire
Delaware Identification No. 3647
1308 Delaware Avenue
The Buckner Building
P.O. Box 2165
Wilmington, DE  19899-2165
(302) 429-1900
Attorneys for Defendant
The Prudential Insurance Company of
America

OF COUNSEL:
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Jonathan Dryer, Esquire
The Curtis Center, Suite 1130 East
Independence Square West
Philadelphia, PA 19106
(215) 627-6900

-14-