**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| Moira Goletz, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.:  04-351 |
| ) | |
| Prudential Insurance Company ) | |
| ) | |
| Defendants. ) | |

**MOTION FOR SUMMARY JUDGMENT**

WHEREFORE, Plaintiff, by and through her attorney, John S. Grady, hereby moves this Court for a Motion for Summary Judgment in the above case as Defendants have failed to follow Court instructions on remand and continue to act in a self-serving manner in relation to the evidence.  Plaintiff asserts the following in support:

1. On June 16, 2004, Plaintiff Moira Goletz filed the original Complaint in this outstanding action asserting that the Prudential Insurance Company of America ("Prudential") violated the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 *e.t. seq.*("ERISA"), as they have failed to properly pay her disability benefits under their insurance policy.

2. On March 29, 2006, a Court Order was issued from this honorable Court granting Plaintiff's Motion for Summary Judgment, in part.  The Court wrote:

> "The Court finds that the Defendant impermissibly used evidence that supported the denial of the Plaintiff's benefits while ignoring or failing to satisfactorily explain its rejection of evidence supporting the award of such benefits.  Accordingly the Court finds that Defendants engaged in impermissible self failing in its decision under the heighten standard was arbitrary and capricious".  (Op., pg. 26)

3. The Court remanded the case back to the administrator. The Court that the administrator was to do a reconsideration consistent with the "memorandum opinion". (Op. pg. 27).

4. The Court was very concerned that there were factual issues regarding 1) treating physician's report, 2) Plaintiff's ability to perform any occupation due to lack of vocational evidence on this issue, and 3) the impact of the Social Security Administration's favorable determination for Plaintiff. (Op., Pg. 27)

5. On April 25, 2006, Prudential's attorney sent a letter stating that there was nothing further required from Mrs. Goletz and Prudential was allowed to contact Plaintiff's attorney directly.

6. On June 22, 2006, Prudential sent a Vocational Rehabilitation Education and Employment History form. This form included the employment history for the past fifteen (15) years, Mrs. Goletz education, and any current job seeking.

7. On July 18, 2006, Moira Goletz, through her attorney, returned the completed form to Prudential.

8. On August 17, 2006, a letter was received from Prudential Financial again denying Ms. Goletz any benefits.

9. Unbeknownst to Plaintiff or Plaintiff's attorneys, Prudential had conducted two (2) additional peer reviews. These reviews seem to be the basis of Prudential's denial in the October 17, 2006 letter.

10. These peer reviews were not received by Plaintiff's counsel until after the August 17th denial letter.

11. On September 14, 2006, Plaintiff's attorney requested the opportunity to send these new peer reviews to the treating physicians so they could respond.

12. In an October 6, 2006 letter, Prudential stated that they received the September 14, 2006 letter requesting a response to the peer reviews. Prudential's stated the review on remand had been completed and it was not going to accept any further information. (See Exhibit A).

13. Prudential also stated that all the Court's concerns had been addressed.

14. However, Prudential still failed to explain why it rejected the original information of the Social Security Administration and the treating physicians. Instead, Prudential again went out and sought additional peer reviews and solely relied on those peer reviews.

15. On this remand, Prudential again failed to address the Social Security Administration Report and why it was rejected. (See Exhibit A).

16. Prudential failed to acknowledge that the social security decision was a factor and why it was rejected.

17. In the August 17th letter, Prudential wrote that, "in order to address the Court's concerns, we arranged for an outside medical review of all records in the file, including the *social security award letter,* and the report from Ms. Goletz treating physician with physicians specializing in orthopedics and rheumatology as these are specialties of Mrs. Goletz' physicians. Additionally, we referred Mrs. Goletz file for review by an external vocational specialist." (See Exhibit A).

18. Dispite making the allegation that they had sent on the social security award letter, none of the peer review doctors or vocational reviews note that they actually received a social security award letter.

19. The last two (2) pages of the August 17, 2006 letter fail to indicate, in any way, that the social security administration award was taken into consideration or why it was rejected. This failure was in clear violation of this Court's order and was self-serving as the social security award is a factor.

20. The only time the social security administration record is mentioned by writes Prudential is information regarding a third appeal. Prudential, "must evaluate claims based on terms of group policy independent of social security administration". This is the same statement that it made prior to the Court's March 29, 2006 letter.

21. The social security administration award is important as it 1) has a credibility finding about Ms. Goletz pain, and 2) states the testimony of a vocational expert.

22. Prudential acted self-serving in that it did not fully state the reasons it was rejecting the treating doctors reports. In looking at these new peer reviews, one peer review doctor notes the actual records of Dr. Tamesis, but he fails to explain why, other than "notes from Dr. Tamesis does not provide a clinical basis for identifying a significant response to immunosuppressive therapy".

23. Prudential did not allow her treating doctors a chance to respond to this new medical review. (See Exhibit B - September 14, 2006 letter.)

24. It should be noted that each one of these medical reviews was a person who has never met Ms. Goletz nor personally contacted any one of her treating doctors.

25. It is also self-serving in that this new vocational review was done based on the two (2) new medical reviews. These new reviews opine that there are no restrictions or limitations. However, this is contrary to what their first medical review by Dr. Foye reported. Instead, Prudential, on remand, performed a new vocational review with the previous identified restrictions of "no repetitive use of left upper extremity, no lifting or carrying over 10 pounds frequently, mildly reduced fine manipulation, and no high impact activities." On Remand, Prudential fails to reference Dr. Foye's medical review, or how it came up with the supposed restrictions.

26. As stated in the March 29, 2006 opinion, "[t]here is a host of evidence the administrator neglected to analyze". (Op., pg. 27) (See Exhibits C-D)

27. The denial letter on remand is almost identical to the previous denial letters that were sent to Ms. Goletz. In fact, some portions are almost word for word exactly the same.

28. The administrator still fails to acknowledge why Prudential is rejecting the treating doctor's opinions of Dr. Tamesis and Dr. Rowe. (See Exhibit A)

29. Instead, Prudential has obtained a third and fourth peer review.

30. The Court, in its opinion, had problems with how Dr. Foye's reviews were used.

> "This apparent willingness to use the helpful portions of Dr. Foye's testimony while ignoring those portions that would support the continuance of benefits is some evidence that defendant was acting in a self-interesting manner. (Op., pg. 25)

> These two (2) peer reviews are contrary to the report by Dr. Foye, which found that she had the restrictions of "occasional hand activities that being less than one third of work day". It also failed to address, in its analysis, the fact that Dr.

5

    Foye questioned whether or not Ms. Goletz would even be able to find some sort of work out there given her restrictions. (See Exhibit E).

31. Prudential again failed to acknowledge Dr. Foye's review that he had opined that Plaintiff's hand activities would have to be less than one third (1/3) of the work day. Prudential again left out any note by Dr. Foye questioning whether or not there was any work available to her. (See Exhibit A).

32. Despite having specific instructions by the Court to review the actual evidence before it, Prudential ignored this Court in its Remand. It failed to directly address the treating physician's reviews and *why it was rejecting it*. Instead of addressing all of the evidence before it, Prudential obtained additional information without any input from Ms. Goletz' treating physicians. This Court wrote, 'Defendant failed to reference Dr. Rowe or Dr. Tamesis', or attempt to reconcile their conflicting opinions that Plaintiff could not work with diagnosed inflammatory polyarthritis". (Op., pg. 23)

33. The two (2) doctors doing the peer review never contacted Ms. Goletz physicians, nor did they ever personally examine Ms. Goletz. The only statement is in the notes of the rheumatology review that, "the notes from Dr. Tamesis do not provide a clinical basis for identifying a significant response to immunosuppressive therapy". Once again, Prudential failed to explain how or why it accepted the peer review over the treating physicians.

34. The previous Court decision was not final under the meaning of 28 U.S.C. §1291, Ms. Goletz renews her Motion for Summary Judgment.

WHEREFORE, Plaintiff requests judgment against the defendant that palinf was disabled as alleged in the original complaint.  Plaintiff also requests attorney's fees, and costs , and such other relief as justice so requires.

                GRADY & HAMPTON, L.L.C.

                /s/ Laura F. Browning
                John S. Grady, Esquire (I.D. No. 009)
                Laura F. Browning, Esquire (I.D. 4504)
                6 North Bradford Street
                Dover, DE  19904
                (Tel. 302)-678-1265)
                Attorneys for Plaintiff Moira Goletz

Dated: March 23, 2007