**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| Moira Goletz, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 04-351 |
| ) | |
| Prudential Insurance Company ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO**
**MOTION FOR SUMMARY JUDGMENT AND CROSS MOTION**
**FOR SUMMARY JUDGMENT**

WHEREFORE, Plaintiff, Moira Goletz, by and through her counsel, hereby replies to Defendant's Cross Motion for Summary Judgment and Response to Plaintiff's Motion for Summary Judgment, and in furtherance of its reply, states the following in support thereof:

1. Plaintiff has filed a Memorandum in Support of its Motion for Summary Judgment and Response to Defendant's Memorandum of Law. Based on the reasons listed in Plaintiff's Motion for Summary Judgment filed on March 23, 2007, Plaintiff's Memorandum of Law and this reply Response, there is substantial evidence that Ms. Goletz is disabled and that Prudential has continued to act arbitrarily and capricious on remand.

2. Defendant completely ignores the fact that it admitted in its own set of interrogatories that a social security award was considered a factor in determining whether or not a person is disabled under the plan. Instead, Prudential relies on case law stating that it does not have to consider the social security administrative plan in its award. This case law does not apply to Prudential as Prudential by its own group policy and plan states that

1

the social security award is, in fact, a factor. This Court in its own Order found that Prudential completely ignored that piece of evidence that Ms. Goletz was successful on her social security disability claim. On remand, Prudential used almost exactly the same language as it did previously in its March 2004 letter. In fact, Prudential even referred to that March 2004 when it discussed its reasons for not considering the social security claim. This previous denial letter of March 2004, by this Court, was found improper.

3. Prudential states, in its Paragraph 10, that it was to provide a "more detailed explanation of its decision, whatever that turned out to be". However, that was to be based on the current record before it. This current record this Court already has in Plaintiff's Appendix to the original Complaint. Instead of addressing the favorable Social Security Administration award, her treating physician's opinions, favorable portions of Dr. Foye's opinion, Prudential sought out new peer reviews. Prudential claims that they did this as they could not conduct a new IME because this was relating to her condition in 2002. This Court under *Merck* should find the timing of this questionable. *Merck, Inc. v. Epps-Malloy*, 543 U.S. 1041, 2005 WL 192218 (May 16, 2005).

4. This Court should find it even more troubling that Prudential did not allow Ms. Goletz' own treating physicians to respond to this completely new peer review. Instead, Prudential completely closed off the administrative file so that there would be nothing further allowed.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendant that as there was substantial evidence that Plaintiff was disabled under the policy as alleged in the original complaint. Plaintiff also requests this court do deny Defendant's

3

cross-motion for summary judgment and to award attorney's fees, cost and such other relief as justice so requires.

                                                              GRADY & HAMPTON, L.L.C.

                                                        /s/ Laura F. Browning
                                                        John S. Grady, Esq.(I.D. No. 009)
                                                        Laura F. Browning, Esq.(I.D. No. 4504)
                                                        6 North Bradford Street
                                                        Dover, DE  19904
                                                        (Tel. 302)-678-1265)
                                                        Attorney for Plaintiff Moira Goletz

Dated:  May 11, 2007