## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

Moira Goletz,                                )
                                             )
                    Plaintiff,               )
                                             )
v.                                           )    Civil Action No.:  04-351
                                             )
Prudential Insurance Company                 )
                                             )
                    Defendants.              )


## PLAINTIFF'S RESPONSE TO DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT


Plaintiff, Moira Goletz, submits this memorandum of law in support of her reply to Defendant's Response to Plaintiff's Motion for Summary Judgment and Cross Motion for Summary Judgment.

### I.    PROCEDURAL HISTORY:

After a series of several appeals through the administrator at Prudential on an insurance disability claim, Moira Goletz, on October 16, 2004, filed a Complaint citing that the Defendants, Prudential Insurance Company of America (hereinafter "Prudential") acted in an arbitrary and capricious way as it ignored crucial evidence in Ms. Goletz' case, and there was substantial evidence to support its decision.  On March 29, 2006, this Honorable Court issued a memorandum opinion, in which it found that Prudential had acted in an arbitrary and capricious way in its analyzing of the case.  This Court ordered that the case be remanded to Prudential to further review evidence.

II.    FACTUAL BACKGROUND:

The administrative record is the Plaintiff's Appendix, which was submitted during the first review of this case.  This Honorable Court in its Memorandum Opinion dated March 29, 2006, already made a finding as to the factual background of this case.    The administrative record continues to be the same except for the new exhibits that were attached to Plaintiff's Motion to Summary Judgment filed on March 27, 2007.  Therefore, Plaintiff as Defendant has in its previous documents, shall continue to cite to the Plaintiff's Appendix I & II.

III.    THE COURT'S INSTRUCTION ON REMAND:

This Honorable Court was very specific in it findings that, "[t]here is a host of evidence the administrator *neglected to analyze*".  Op., pg 27. {Emphasis added}.  The Court was concerned that Prudential had failed to properly analyze the information that had already been collected, or just simply ignored evidence.  This Court elaborated by stating:

> The Court finds there are factual issues regarding the extent of the Plaintiff's condition due to her treating physicians report, Plaintiff's ability to perform an occupation due to lack of vocational evidence on this issue, and the impact of the Social Security Administration favorable determination for Plaintiff.  Op., pg 27.

Despite this very specific order, Prudential again failed to give weight or even analyze the evidence that was already before it, and instead sought out completely new peer reviews and continued to use the restriction set by Dr. Bandera, and completely ignored the Social Security opinion.

III.    STANDARD AND REVIEW:

It is undeniable, that a normal review is a heightened and arbitrary capricious standard.  This Court has ruled that a plan administrator's decision cannot be overturned if it

2

is not supported by substantial evidence. *Sanderson v. The Continental Casualty Corp.*, 279 F. Supp.2d 466, 472 (D.Del 2003). (See also *Sanderson  v. Continental Casualty Corp.*, 2003 WL 22078075 (D.Del)).   The Third Circuit has held that, a plan administrator's decision will be overturned only if it is clearly not supported by the evidence in the record. *Orvosh v. Program of Group Ins. For Salaried Employees of Volkswagen of Am.,* 222 F.2d 123 (3d Cir. 2000).  The Court must look at the whole record to determine if the Plaintiff has met her burden. *Ott v. Litton Industries, Inc.*, 2005 WL 1215958 (M.D. Pa. May 20, 2005)

It is undisputed that Prudential funds the plan that administers, and therefore a heightened, arbitrary capricious review should be applied. *Sanderson* , 472-473.  There is a conflict, because Prudential has the motive to deny benefits based on the fact that it will save money.  (A-577).    Therefore, this Court should apply a sliding scale as to how much deference it will grant the administrator. *Pinto v. Reliance Standard Life Ins.*, 214 F.3d 377, 379 (3rd Cir. 2000).  "We side with the majority of Courts of Appeals, which apply a sliding scale method, intensifying the degree of scrutiny to match the degree of conflict" *Id.*

For  the  reasons  stated  below,  Prudential  acted  in  a  self-serving  manner  by completely ignoring credible evidence and relying on only a small amount of evidence. Therefore, this court should give little to no deference to Prudential's decision as it continues to be arbitrary and capricious.  In addition, this court should find that there was substantial evidence that Ms. Goletz was disabled.

A. **DEFENDANT FAILED TO GIVE ANY WEIGHT TO MS. GOLETZ TREATING PHYSICIAN'S REPORTS:**

On Remand, Prudential again failed to thoroughly explain why they rejected the treating physician's opinions.   Prudential, in its memorandum stated that the treating physician's opinion is not "based on substantial evidence" or "entitled to special weight".

(Def. Memo., at 10).  The Court was very clear that Prudential needed to either give more weight or do a thorough and fully supported discussion as to why the treating physician's conclusions were rejected.  (Op., pg 24).

In the August 17, 2006 letter, Prudential fails to explain again why it dismissed Ms. Goletz' treating physician's opinions, nor were those opinions fully discussed as previously ordered.  Under the Plan, a treating physician's opinion was to be considered in the determination process. (A-578).  Also, this court has established that administrator's must consider treating physician's credible evidence.  The Court should look to the analysis in *Sanderson* in finding Prudential's determination flawed and self-serving.  *Sanderson,* at 477. The court noted that

> Continental was not free to merely disregard her treating physicians report and findings in its regard in favor of an outcome more to its liking.  More to the point, although Continental may have doubted the reliability of the conclusions or diagnosis of Sanderson's doctors, there is nothing in the record to indicate that Dr. Truchleut's opinion was any more supported or reliable. *Sanderson,* at 477.

The *Sanderson* court stated that it was impermissible for Continental to use evidence which, "supported a denial of the claimant's benefits while at the same time, ignoring or failing to satisfactorily explained its rejection of evidence supporting an award of LTD." *Sanderson*, at 477.

In the August 17th denial letter, Prudential again failed to address Dr. Tamesis or Rowe's reports.  Instead, Prudential relies on completely new peer reviews. The new peer reviews take little to no consideration to Dr. Foye's opinion.  In addition, the information regarding the third appeal in the August 17, 2006 letter is almost exactly the same information as it was before.  The court criticized Prudential in its opinion that Prudential

used selective portions of Dr. Foye's testimony.   Once again, Prudential is still using selective portions of Dr. Foye's peer review, or ignoring portions that are helpful.

In 2004, Dr. Foye wrote in his report that, "from the combination of the physical exam findings by Dr. Tamesis, and also the evaluation by Dr. Bandera, and also the bloodwork results, overall it does appear most likely that the Claimant does have some type of inflammatory polyarthritis, although she is sero-negative for rheumatoid arthritis…" (A-223).   In addition, Dr. Foye's opinion stated that the hand activities for Ms. Goletz would have to be "less than one third of the work day", but Prudential did not disclose that again in their third denial letter, nor is there any mention of this in its new denial letter on remand. (A-224).   As discussed in Section B, Prudential failed to use Dr. Foye's limitations in this new vocational assessment.

This District Court has found it to be self-dealing to use only the portions that support a denial.   That case also involved Prudential.   *Mitchell v. Prudential Health Care Plan*, 2002 WL 1284947 *9 (D.Del. June 10, 2002).   The District Court of Delaware wrote, "this apparent willingness to use the helpful portions of Dr. Anthony's testimony while completely ignoring the portions that would support the continuance of benefits is some evidence that Prudential was acting in self-interest". *Id.*   The *Mitchell* court stated that the court did not have to accept the decision of, "judiciaries that uses a self-serving approach that selectively relies upon the evidence that supports a denial of benefits but rejects the evidence that supports the continuation of benefits". *Mitchell*, at *8.

It is troubling why Prudential is still ignoring helpful portions of Ms. Goletz' administrative record such as her treating physician's opinion, Dr. Foye's review, and Prudential is now relying on these new peer reviews.   Therefore, this Court can again reject

Prudential's decision as they are still failing to fully consider all of the relevant evidence at hand.

**B.** **PRUDENTIAL'S VOCATIONAL ASSESSMENTS AGAIN WAS IMPROPER AND NOT BASED ON DR. FOYE'S RECOMMENDATIONS:**

On Remand, Prudential sought out a new vocational assessment. However, Prudential still failed to use all of Dr. Foye's recommendations, and continued to use the recommendations from Dr. Bandera and the new peer review doctors. Prudential's failure to complete a proper vocational assessment was one of the problems noted by this Court. This Court in its original opinion, had concerns that there was a "lack of vocational evidence" in this case. In the original Complaint of Ms. Goletz noted there was a concern that Dr. Bandera's limitations were flawed due to his limited expertise. Prudential ignored helpful portions of Dr. Foye's report that stated a new vocational assessment was needed in that the recurrent inflammation/synozitis would create difficulty for her to have repetitive hand activities. (A-224). Prudential again failed to consider Dr. Foye's limitation that her hand activities would have to be less than a third of the work day. (A-224). This would mean that in a typical eight (8) hour day, she would have to use her hands less than 2.6 hours a day. However, nothing in the notes by the new peer reviews or the vocational review states this limitation was considered. Therefore, this new vocational assessment is again flawed. This court should look to *Sanderson* in finding that Prudential's actions in the vocational review were again flawed and self-serving.

Once again, Prudential's failure to neglect the favorable evidence before it is self-dealing and fraud under *Sanderson* and judgment in favor of Ms. Goletz should be given.

**C.** **PRUDENTIAL AGAIN FAILED TO CONSIDER THE SOCIAL SECURITY ADMINISTRATION AWARD. EVEN THOUGH THE SOCIAL SECURITY AWARD IS A FACTOR UNDER THE PLAN, AND THIS COURT ORDERED IT TO BE CONSIDERED.**

Prudential in its memorandum continues to state that a Social Security Administration award is not binding on a claim administrator.  Plaintiff recognizes that there is well settled law that a social security award is not binding on the administrator.  However, Prudential, in its own Plan makes a Social Security Administrative award a "factor" in deciding disability insurance claims.  (A-578).  Prudential admitted that, "Prudential considers social security determinations as one factor in its evaluation".  (A-578).  In the third denial letter in 2005, Prudential failed to even acknowledge the social security claim, and this Court acknowledged that failure in its opinion.

In this new August 17, 2006 denial, Prudential states that "Prudential must evaluate claims based on the terms of the group policy independent of the social security administration.  Please see our decision letter of March 15, 2004 for more details".  (Plaintiff's Motion for Summary Judgment Exhibit E).  Plaintiff finds this troubling as the previous March 15, 2004 letter actually stated that Prudential was still waiting for the social security administrative decision even though it had received it.  (A-106).

Prudential claimed in its August 17, 2006 denial letter, that it sent the entire file, including the Social Security Administration Award to the new peer review doctor. (Plaintiff's Motion for Summary Judgment Exhibit E). In addition, the record does not show that either of the peer reviews orthopedic rheumatologist or orthopedics were providing a copy of the social security disability award with all of the records in the file.  However, none of the new peer review doctors acknowledge they even received the Social Security Administration Award. Plaintiff questions whether or not Prudential actually sent the documents as there is no reflection in any of the peer review documents that either a) they were considered, or b) they were even sent.

Finally, there were important notes in the Social Security Administration Award, such as the Administrative Law Judge's notes that stated that Ms. Goletz' hands were swollen at the hearing and that "stiffly" moved. (A-231). This is substantial evidence that shows Ms. Goletz was disabled.

As to the above, the *Sanderson* case is clear that the administrator cannot simply ignore credible evidence that by Prudential's own mention should be taken into consideration. In addition, Prudential should not ignore this Court's direct Order in March of 2005. For this reason, this Court should find that Prudential again acted improperly by neglecting and simply ignoring the Social Security Administration letter in its remand.

**D. PRUDENTIAL IMPROPERLY SOUGHT OUT NEW ADDITIONAL EVIDENCE BY IMPROPERLY RELYING ON THE NEW PEER REVIEWS AND NOT ALLOWING THE PLAINTIFF TO RESPOND.**

Prudential in its reply to Plaintiff's Motion for Summary Judgment, Paragraph 33 claims that "the Court's Remand did not open a claim for another appeals process. Instead, the Court's opinion charged Prudential to provide a more detailed explanation of its decision, whatever that decision turned out to be". Despite this admission from Prudential that the Ms. Goletz' administrative record was closed, Prudential sought out two (2) additional peer reviews, and did not allow Ms. Goletz to respond to these new peer reviews through her treating doctors. (Plaintiff's Motion for Summary Judgment Exhibit A & E) Instead of analyzing the evidence before it that it had previously neglected to consider, Prudential again went out and sought two (2) more peer reviews. (Plaintiff's Reply Motion Exhibit A).

The timing of these peer reviews on remand is improper. This Court should look to the case of *Kosiba v. Merck & Co.*, 384 F.3d 58, Cir. Denied, *Merck, Inc. v. Epps-Malloy*,

8

544 U.S. 1044, 125 S.Ct. 2372, 2005 WL 192218 (May 16, 2005). *Merck* questions the timing of an IME that was done only after the appeals process began and when her treating physicians offered their "unequivocal support of her claims". *Merck*, at 61.

In the case at hand, the administrative record has favorable portions that that indicate Ms. Goletz is disabled, and there was information neglected in the original review. The court specifically sent this case back to Prudential to review *all* of the evidence. However, Prudential sought out two (2) more "external file reviews". The Court should find the timing of these two (2) additional file reviews troubling as they do not examine the evidence that was already before them such as the favorable portions of Dr. Foye's review and the treating doctors reports. Prudential fails to explain why the two (2) new peer reviews are truly needed, and accepted when there is already a large amount of medical information. This is especially suspect given Dr. Foye's opinion that there was objective evidence to support Ms. Goletz claims of pain. (A-223-24).

Again, Plaintiff asserts that this court should apply the rules from, *Ott v. Litton Industries, Inc.*, 2005 WL 1215958 (M.D. Pa. May 20, 2005). The court in *Ott* overturned the administrator's decision while reviewing a case under a heightened arbitrary and capricious review. *Ott*, at \*11, \*19. The *Ott* court stated that, "Although the Supreme Court has held that courts may not require ERISA plan administrators to defer to doctors who have treated a claimant over those who merely review her medical files, the court may sill evaluate the weight of each doctor's opinion on the extent of his or her treatment history with the patient and specialization or lack thereof." *Ott*, at \*18. The *Ott* court rejected two assessments by two doctors that reviewed the claimant's filed and ruled that she was able to work. The *Ott* case differed in that the claimant claimed she had fibromyalgia and the two

9

reviewing doctor's completely rejected it.  The *Ott* court criticized the administrator for relying on this contention that plaintiff lacked "objective evidence".

The court in *Ott* ultimately rejected both reviewing physician's opinions.  "The utilization by Defendants of two physicians who never examined Plaintiff, but simply refused to accept the fibromyalgia diagnosis and thus rejected disability due to fibromyalgia on the basis of Plaintiff's medical file, was arbitrary and capricious…" *Ott*, at *19. Due to Dr. Tamesis, Dr. Rowe, and Dr. Foye's opinions, there is objective evidence to establish the inflammatory polyarthritis as the blood tests and notes of swelling clearly established it. Thus, this new peer reviews should be rejected, not only because they were improper as the administrative record was closed, but also under *Ott.*

As stated above, Prudential's actions in this case should be seen as self-dealing and self-interest in seeking out this new additional information while claiming that seeking out new evidence at this time period would be improper as it is only the record that is before this Court.

### CONCLUSION

On Remand, Prudential ignored this Court's Order on Remand by failing to properly address the Social Security Administration award, Dr. Foye's recommendations regarding vocational limitations, obtaining improper peer reviews, and still not fully analyzing or discussing why it rejected the treating physician's opinions.  Prudential again accepted only that information which was crucial to denying Ms. Goletz' disability benefits.  Under *Sanderson*, this Court should find that Prudential is still acting in an arbitrary and capricious way in that the administrative record reflects substantial evidence that Ms. Goletz is disabled

under the terms of the group policy and her Motion for Summary Judgment should be granted.

WHEREFORE, Plaintiff respectfully requests that this Court affirm Plaintiff's Motion for Summary Judgment and deny Prudential's Cross Motion for Summary Judgment on the grounds that they were arbitrary, capricious and there is substantial evidence to prove that Ms. Goletz is disabled, that this Court award attorneys fees and cost, and such other relief as justice so requires.

GRADY & HAMPTON, L.L.C.

/s/ Laura F. Browning_____
John S. Grady, Esq.(I.D. No. 009)
Laura F. Browning, Esq.(I.D. No. 4504)
6 North Bradford Street
Dover, DE  19904
(Tel. 302)-678-1265)
Attorney for Plaintiff Moira Goletz

Dated:  May 11, 2007