**GRADY & HAMPTON, LLC**
6 NORTH BRADFORD STREET
DOVER, DELAWARE 19904

JOHN S. GRADY
STEPHEN A. HAMPTON

DOVER      (302) 678-1265
SUSSEX    (302) 855-1313
FAX          (302) 678-3544

June 27, 2008

**E-FILED**

The Honorable Leonard P. Stark
United States District Court
844 N. King Street, Lock Box 26
Wilmington, DE 19801

      RE:    Goletz v. Prudential Insurance Company
              C.A. No.: 04-351-LPS

Dear Magistrate Stark:

      The United States Supreme Court has issued an opinion in the case of *Metropolitan Life Ins. Co. v. Glenn*, 2008 WL 2444796 (U.S.) on June 19, 2008. The decision affirms the ruling of the Court of Appeals. The majority decision held that the Court should consider the conflict of interest arising from the dual role of an entity as an ERISA plan administrator and payer of plan benefits as a factor in determining whether the plan administrator has abused its discretion in denying benefits, with the significance of the factor depending upon the circumstances of the particular case.

      The opinion also addresses the standard of review. It adopted the standards as set out in *Firestone Tire & Rubber Co. v. Bruch*, 489 US 101 (1989). The language of the *Glenn* decision is slightly different than that used in *Pinto v. Reliance Standard Life Ins. Co.*, 214 F.3d 377 (3rd Cir. 2000). *Pinto* interpreted *Firestone* to mean a heightened form of review of an arbitrary and capricious standard. Commentators may suggest that the *Glenn* decision does not add a whole lot of new insight to the standard of review. The Supreme Court has suggested that on a case by case basis the reviewing court should review the conflict and provide a deferential standard of review making the conflict of interest a factor. The majority decision makes no reference to the standard of review language in cases like *Pinto*; however, it does appear to affirm the Court of Appeals approach. See *Glenn v. Metropolitan Life*, *supra*, at p. 8. Plaintiff would suggest that the court review this case in the same manner that the *Glenn* Court of Appeals reviewed the "discretionary decision" of Prudential.

      The underlying facts of the *Metropolitan Life* case do point out one of the significant issues that Plaintiff has argued in this case. The Plaintiff originally argued before the District Court that the failure of Prudential to acknowledge the fact that Social Security had found Plaintiff disabled was a significant factor. The District Court agreed

The Honorable Leonard P. Stark
June 27, 2008
Page 2

and remanded the case for Prudential to re-examine some of the medical evidence and also to re-examine the significance of the Social Security award. Subsequently, Prudential again denied Plaintiff without reviewing the significance of the Social Security decision. The fact that there is a potential conflict in this case and that it is in the best economic interest of Prudential to deny benefits is a factor and helps to explain why Prudential refused to comply with the court order and instead sent the file out to another doctor, who Prudential undoubtedly paid, and obtained another medical decision supporting its position and would not permit Plaintiff to obtain her own medical review.

Under the circumstances of this case, Plaintiff would suggest that the conflict of interest is a factor which should tip against Prudential. Its repeated failure to review the Social Security issue is another factor which should weigh against Prudential. Finally, its conduct of trying to go out and bolster up its case with new medical evidence without providing the Plaintiff an opportunity to either review or supplement the record with her own medical evidence are all factors weighing against Prudential. Taken as a whole, Plaintiff would suggest that Prudential has abused its discretion and that this Court should reverse the decision of Prudential and award benefits.

As the Supreme Court, in *Metropolitan Life Ins. Co. v. Glenn*, points out, Prudential has a fiduciary duty in processing claimants' disability. All of the evidence before the Court indicates that Prudential is interested in finding ways to deny Plaintiff benefits rather than to make a fair decision based upon all of the evidence and providing Plaintiff with a fair opportunity to rebut the medical evidence. The conduct of Prudential adding to the record rather than complying with the Court's order of evaluating the record is indicative of the attitude of Prudential. These represent procedural and substantive abuse of discretion. See *Metropolitan Life*, *supra*, at p. 7.

Counsel is concerned that if the case is simply remanded, Prudential will simply find another way to deny benefits. The District Court has already given Prudential one opportunity to redo its decision. At this point in time, it would be unfair to Plaintiff to allow Prudential, under the guise of its "discretion", to find against Plaintiff again.

Sincerely yours,

 /S/  John S. Grady
John S. Grady, Esquire (I.D. #009)

JSG:rlw
cc:    Maria J. Poehner, Esq.
       Moira Goletz